UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-cr-20037-JES |
| ) | |
| LAWRENCE STEVENS, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION

Defendant Lawrence Stevens has filed a *pro se* 18 U.S.C. § 3582(c)(1)(A) Motion for Compassionate Release (Doc. 153). Defendant asserts that early release is warranted due to subsequent changes to the penalty provisions of 18 U.S.C. § 841, one of the statutes under which he was convicted. He also claims that his prior state court convictions no longer qualify as violent felonies for purposes of the Armed Career Criminal Act ("ACCA") enhancement under §18 U.S.C. 924(e) and the 18 U.S.C. § 3559(c) "three strikes" enhancement, the latter of which resulted in a mandatory life sentence. Defendant also cites the recent policy statement amendment to the United States Sentencing Guidelines ("USSG"), USSG § 1B1.13(b)(6) *Unusually Long Sentence*. He asserts that his sentence of 327 months and consecutive term of life imprisonment is unusually long. Lastly, Defendant cites his rehabilitation efforts as grounds for early release.

The Government has filed a Response (Doc. 154), asserting that Defendant failed to exhaust his administrative remedies; is foreclosed from asserting non-retroactive changes in the law as a basis for § 3582(c)(1)(A)(i) relief; and that the § 13(b)(6) amendment is an invalid exercise of the Sentencing Commission's authority. The Government also asserts that the § 3553(a)

1

2:02-cr-20037-JES-DGB   # 157   Filed: 07/30/24   Page 2 of 9

sentencing factors militate against relief as Defendant continues to pose a danger to the community. Defendant has filed a Reply (Doc. 156), and provides copies of exhibits referenced in, but not included with, his compassionate release motion. For the reasons indicated herein, Defendant's motion (Doc. 153), is DENIED.

## BACKGROUND

Defendant has had a long and storied history of violent crimes beginning at age 13. These include burglary, stealing, assault with intent to do great bodily harm, robbery, forcible rape, assault with intent to kill, aggravated sexual assault of a child, handing PCP to a five-year-old girl during a traffic stop, first-degree murder, and a number of weapons charges. Most recently, on August 7, 2002, Defendant was convicted by a jury with possession of five grams or more of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(i)(iii) (Count 1), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c) (Count 3).

In its objection to Defendant's motion, the Government cites Defendant's Presentence Report ("PSR"), explaining that Defendant was sentenced as an Armed Career Criminal under § 924(e), due to his violent criminal history. This raised Defendant's sentencing guideline range on Count 2 to 15 years to life. (Doc. 154 at 8). In addition, Defendant was classified as a § 3559(c) "three strikes offender," due to his state court convictions for assault with intent to kill, assault with intent to kill with malice, and armed robbery, resulting in a mandatory, consecutive life sentence. (Doc. 154 at 24). Defendant was sentenced on January 3, 2003, and since then has filed two § 2255 motions, two motions for sentence reductions, a First Step Act ("FSA") § 404 motion for a sentence reduction, and a § 3583(c)(1)(A) motion for compassionate release all of which were denied. Defendant now moves for a second § 3582(c)(1)(A) sentence reduction for the reasons

2

discussed *supra*.

## LEGAL STANDARD

"Under § 3582(c)(1)(A)(i), a district court, after considering the § 3553(a) sentencing factors, may reduce a defendant's prison term if a reduction is supported by 'extraordinary and compelling reasons' and consistent with the applicable Sentencing Commission's policy statement." *United States v. Carter*, 830 F. App'x 783, 784 (7th Cir. 2020); *United States v. Black*, 999 F.3d 1071, 1074 (7th Cir. 2021). Compassionate release is a departure from the general rule that district courts lack authority to modify a sentence once it has become final. *United States v. Carr*, 568 F. Supp. 3d 950, 951–52 (N.D. Ill. 2021), *aff'd,* No. 21-3108, 2022 WL 1421441 (7th Cir. May 5, 2022) (citing *United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009)).

A defendant moving under § 3582(c)(1)(A)(i) must have exhausted his administrative remedies prior to filing the motion. *United States v. Williams*, 829 F. App'x 138, 140 (7th Cir. 2020) ("The First Step Act amended § 3582(c)(1)(A) to permit an inmate to move for compassionate release as long as he exhausted his administrative appeals or the facility's warden did not respond to his compassionate-release request within 30 days."). The exhaustion requirement is considered a "mandatory claim-processing rule[s] [which] must be enforced," if raised by the Defendant. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (denying a motion for compassionate release for defendant's failure to exhaust) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19 (2017)). In addition, "in order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court." *United States v. Staake*, No. 17-30063, 2024 WL 1906432, at *2 (C.D. Ill. May 1, 2024) (quoting *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021)).

The Government asserts that, after a review of BOP records, there is no evidence that

Defendant requested early release for the reasons cited in his motion. However, in his motion, Defendant claimed to have successfully exhausted his remedies, referring to a corroborating "Exhibit A," which was not attached. Defendant, in fact, referred to five exhibits, "A-E," which were not included with the filing. When Defendant filed his Reply, he included the aforementioned exhibits which were duly considered by the Court.

Defendant's Exhibit A is an uncontested copy of a January 18, 2024 letter from Defendant to the FCI Marianna warden. There, he requests a sentence reduction "in light of the first step act/[.]" (Doc. 156 at 15). He requested relief "considering my rehabilitation efforts., as well as the new amendments effective November 1, 2023, allowing courts to consider intervening changes in law and unusually long sentences." *Id*. This is sufficient to establish that Defendant exhausted his remedies as to his rehabilitation efforts and the § 13(b)(6) *Unusually Long Sentence* policy statement amendment.

It is questionable whether Defendant exhausted his claims as to the ACCA and "three strikes" enhancements, or the lower penalties now provided in § 841(b).[1] These statutory changes were not specifically addressed in the letter but appear to form the basis for Defendant's claim of an unusually long sentence and his reference to intervening changes in law. *See United States v. Wrice*, No. 10-40065, 2023 WL 4030067, at *1 (S.D. Ill. June 15, 2023) ("In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for compassionate release. Otherwise the warden is not equipped to properly consider the defendant's request.") (citing *Williams*, 987 F.3d at 703). Out of an abundance of caution, the Court will consider §§ 841, 924(e), and 3559(c)

---

[1] The First Step Act, ("FSA"), PL 115-391, 132 Stat 5194, amended the Controlled Substances Act, 21 U.S.C. § 801 et seq., decreasing the threshold weights and sentence ranges for a variety of controlled substances including cocaine base. § 841(b).

to the extent they are implicated in Defendant's request for relief from a § 13(b)(6) unusually long sentence.

## ANALYSIS

The Court determines that the First Step Act amendments to §§ 841and 924(e), cannot constitute grounds for compassionate release as the amendments were made long after Defendant was sentenced and do not have a retroactive effect. *See United States v. Saylor*, No. 10-46, 2021 WL 269350, at *6 (S.D. Ind. Jan. 26, 2021) (acknowledging that § 841 caused "harsh" results before being amended under the First Step Act, stating "Congress explicitly declined to make the change to § 841 retroactive, thereby leaving in place many sentences imposed under the old version of § 841."). In fact, only § 404 of the FSA is retroactive,[2] allowing a reduced sentence for certain crack-cocaine offenders convicted before the August 2010 enactment of the Fair Sentencing Act. *United States v. Contreras*, 332 F.R.D. 712, 713 (D.N.M. 2019). "For all other offenses, the new sentencing reform provisions benefit only individuals who were convicted after December 21, 2018, when Congress enacted the First Step Act." *Id.* As a result, the FSA amendments to §§ 841 and 924(e) cannot apply retroactively for compassionate release. *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022), (stating, "[t]he First Step Act did not create or modify the 'extraordinary and compelling reasons' threshold for [compassionate release] eligibility. . .") *cert. denied,* 143 S. Ct. 1784 (2023)).

While § 3559 was not amended by the FSA, Defendant claims that a Missouri case addressing this issue, *United States v. Fields*, 863 F. 3d 1012, 1016 (8th Cir. 2017), found that a conviction for assault with intent to kill no longer qualifies as a serious violent felony. As a result,

---

[2] Section 404 of the First Step Act is the only provision which applies retroactively. Defendant may not assert a second motion under § 404(b), however, as a previous § 404(b) motion was denied on the merits. *See* § 404; *United States v. Newbern*, 51 F.4th 230, 231 (7th Cir. 2022).

5

he allegedly would not have the three predicate offenses under § 3559 for the mandatory life sentence to attach. The Government disputes this, asserting that the two Missouri convictions, along with his Illinois armed robbery conviction, provide the three predicates. The Court need not further consider this, however, as the Seventh Circuit has ruled that a judicial decision "cannot alone constitute an 'extraordinary and compelling' reason authorizing a reduced sentence under § 3582(c)(1)(A)." *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022). The caselaw in this circuit is clear that non-retroactive changes in the law, whether judicial or otherwise, are not an extraordinary and compelling reason for § 3582(c)(1)(A)(i) compassionate release. *King*, 40 F.4th at 596; *United States v. Tinsley*, No. 17-00064, 2024 WL 181704, at *2 (S.D. Ind. Jan. 17, 2024) ("For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors.") (citing *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)); *United States v. Alexander*, No. 23-3395, 2024 WL 2763814, at *2 (7th Cir. May 30, 2024) (disabusing "the notion that there is anything 'unusual'—or extraordinary and compelling—about receiving a recidivism enhancement.") *reh*'*g denied,* 23-3395, No. 2024 WL 3188801 (7th Cir. June 26, 2024)).

This also applies to Defendant's claim that compassionate release may be allowed under § 13(b)(6). As noted, Seventh Circuit precedent prohibits a district court from finding that a non-retroactive change in the law is a basis for compassionate release. However, 13(b)(6), as promulgated by the Sentencing Commission, states that it is to be applied retroactively. This is contrary to Seventh Circuit precedent and has not yet been addressed by the Appellate Court. This Court, relying on *Thacker* and its progeny, recently found in *United States v. Williams*, No. 06-

6

20032 (C.D. Ill. July 29, 2004), that Seventh Circuit precedent prohibits the Court retroactively applying § 13(b)(6).[3]

In addition, this Court and others, both in and out of this circuit, have found that § 13(b)(6) is not a valid exercise of the Sentencing Commission's Congressional grant of authority. This is so, as § 13(b)(6) would allow criminal statutes amended by the FSA to be applied retroactively even though Congress did not provide for this when it enacted the FSA, determining only § 404 would apply retroactively. *See id*. As a result, § 1.13(b)(6) cannot be applied to allow subsequent, non-retroactive changes to §§ 841(b), 924(e), or 3559(c) to constitute extraordinary and compelling reasons for compassionate release.

This leaves Defendant's claim as to rehabilitation. Defendant has submitted letters from family and friends, supporting his release (Doc. 156 at 33-42). His brother, Ronald Perry, indicates that he would employ Defendant as his permanent caregiver, paying him $450.00 every two weeks. *Id*. at 41. In addition, Defendant has produced records that document his BOP-related work history and classes he has taken, although he has not earned a GED. *Id*. at 17-26. While the Court commends these efforts, rehabilitation alone does not constitute an extraordinary and compelling reason for a sentence reduction. *United States v. Bolton*, No. 01-40040, 2021 WL 1108575, at *4 (C.D. Ill. Mar. 23, 2021) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.") (citing 28 U.S.C. § 994(t)); *United States v. Harper*, 23-1506, 2023 WL 6444266, at *2 (7th Cir. Oct. 3, 2023) ("Rehabilitation is not a stand-alone ground for relief.") (citing *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) *reh'g denied,* 23-1506, 2023 WL 7182512 (7th Cir. Nov. 1, 2023)).

---

[3] There is a split in this Circuit as to whether § 13(b)(6) may be applied retroactively and, as of the date of this Order, there has not been a definitive ruling from the Seventh Circuit.

7

**SECTION 3553(a) FACTORS**

When reviewing a motion under § 3582(c)(1)(A), the Court is also to consider whether early release would be consistent with the § 3553(a) sentencing factors. These require that the Court take note of "the nature and circumstances of the offense" as well as "the history and characteristics of the defendant." § 3553(a)(1). In addition, the Court must make sure that the imposed sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, acts as a deterrence to criminal conduct, and protects the public. *Id*. at (2).

Here, Defendant has a particularly violent history, having victimized children as well as adults. Many of his offenses have involved hands-on violence along with the possession of a firearm. While Defendant's Summary Reentry Plan classifies him at a low risk of recidivism, he has recognized issues of Anger/Hostility with the recommendation that he participate in a Sex Offender Management Program. (Doc. 156 at 17). In addition, he has received six incident reports while in the Bureau of Prisons, including one for fighting. *Id*. at 18.

The Court finds that Defendant still poses a danger to the public. While Defendant argues that the Court can ameliorate this by imposing "certain terms of supervised release," he does not elaborate, or identify terms that would prevent his engaging in future sexual and criminal misconduct. The Court finds, further, that early release would deprecate the seriousness of the offenses, undermine respect for the law, fall short of providing just punishment, and not satisfy the deterrence factor. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (affirming district court's denial of compassionate release based largely on the § 3553(a) consideration of the danger posed to the public). Because the applicable § 3553(a) factors weigh against Williams' request for compassionate release, his motion must be denied.

## CONCLUSION

The Court, applying the same framework as it has done in *United States v. Williams*, No. 06-20032 (C.D. Ill. July 29, 2004), hereby DENIES the Motion for Compassionate Release. (Doc. 153). To the extent Defendant also requests the appointment of counsel, asserting that counsel would be better able to advocate for the application of the § 1.13 amendments to his case, it is DENIED. Defendant has filed a 36-page brief providing cogent argument and citing dozens of cases. There is nothing to suggest that he does not have the ability to represent himself in these matters.

Entered this 30th day of July 2024.

                                                                                                                       s/James E. Shadid
                                                                      JAMES E. SHADID
                                                  UNITED STATES DISTRICT JUDGE